IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

DANA RICHTER O/B/O DIANNE RICHTER[1],  )
                                        )
    Plaintiff,                      )
                                        )
  -vs-                                  )    Civil Action No.  12-240
                                        )
CAROLYN W. COLVIN,[2]                     )
COMMISSIONER OF SOCIAL SECURITY,        )
                                        )
    Defendant.                      )

AMBROSE, Senior District Judge.

## OPINION
## and
## ORDER OF COURT

### SYNOPSIS

Pending before the Court are Cross-Motions for Summary Judgment. (Docket Nos. 8 and 10). Both parties have filed Briefs in Support of their Motions. (Docket Nos. 9 and 11). After careful consideration of the submissions of the parties, and based on my Opinion set forth below, I am granting Defendant's Motion for Summary Judgment (Docket No. 10) and denying Plaintiff's Motion for Summary Judgment. (Docket No. 8).

**I. BACKGROUND**

Plaintiff has brought this action for review of the final decision of the Commissioner of Social Security ("Commissioner") denying her application for disability insurance benefits pursuant to the Social Security Act ("Act"). Plaintiff filed an application for benefits on January 12, 2010, alleging she had been disabled due to back pain since December 31, 2009. (Docket Nos. 6-5, pp. 2-7; 6-6 pp. 2-3). Administrative Law Judge ("ALJ") Irving A. Pianin, held a hearing

---

[1] Plaintiff's husband, Dana P. Richter was substituted for his wife upon her death while the application was pending at the hearing level.
[2] Carolyn W. Colvin became acting Commissioner of Social Security on February 14, 2013, replacing Michael J. Astrue.

1

on February 14, 2011. (Docket No. 6-2, pp. 49-64). On March 2, 2011, the ALJ found that Plaintiff was not disabled under the Social Security Act. (Docket No. 6-2, pp 31-40). After exhausting all of his administrative remedies thereafter, Plaintiff filed this action.

The parties have filed Cross-Motions for Summary Judgment. (Docket Nos. 8 and 10). The issues are now ripe for review.

## II. LEGAL ANALYSIS

### A. STANDARD OF REVIEW

The standard of review in social security cases is whether substantial evidence exists in the record to support the Commissioner's decision. *Allen v. Bowen,* 881 F.2d 37, 39 (3d Cir. 1989). Substantial evidence has been defined as "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate." *Ventura v. Shalala,* 55 F.3d 900, 901 (3d Cir. 1995), *quoting Richardson v. Perales,* 402 U.S. 389, 401 (1971). Additionally, the Commissioner's findings of fact, if supported by substantial evidence, are conclusive. 42 U.S.C. §405(g); *Dobrowolsky v. Califano,* 606 F.2d 403, 406 (3d Cir. 1979). A district court cannot conduct a *de novo* review of the Commissioner's decision or re-weigh the evidence of record. *Palmer v. Apfel,* 995 F.Supp. 549, 552 (E.D. Pa. 1998). Where the ALJ's findings of fact are supported by substantial evidence, a court is bound by those findings, even if the court would have decided the factual inquiry differently. *Hartranft v. Apfel*, 181 F.3d 358, 360 (3d Cir. 1999). To determine whether a finding is supported by substantial evidence, however, the district court must review the record as a whole. *See,* 5 U.S.C. §706.

To be eligible for social security benefits, the plaintiff must demonstrate that he cannot engage in substantial gainful activity because of a medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of at least 12 months. 42 U.S.C. §423(d)(1)(A); *Brewster v. Heckler,* 786 F.2d 581, 583 (3d Cir. 1986).

2

The Commissioner has provided the ALJ with a five-step sequential analysis to use when evaluating the disabled status of each claimant. 20 C.F.R. §404.1520(a). The ALJ must determine: (1) whether the claimant is currently engaged in substantial gainful activity; (2) if not, whether the claimant has a severe impairment; (3) if the claimant has a severe impairment, whether it meets or equals the criteria listed in 20 C.F.R., pt. 404, subpt. P., appx. 1; (4) if the impairment does not satisfy one of the impairment listings, whether the claimant's impairments prevent him from performing his past relevant work; and (5) if the claimant is incapable of performing his past relevant work, whether he can perform any other work which exists in the national economy, in light of his age, education, work experience and residual functional capacity. 20 C.F.R. §404.1520. The claimant carries the initial burden of demonstrating by medical evidence that he is unable to return to his previous employment (steps 1-4). *Dobrowolsky*, 606 F.2d at 406. Once the claimant meets this burden, the burden of proof shifts to the Commissioner to show that the claimant can engage in alternative substantial gainful activity (step 5). *Id.*

A district court, after reviewing the entire record may affirm, modify, or reverse the decision with or without remand to the Commissioner for rehearing. *Podedworny v. Harris,* 745 F.2d 210, 221 (3d Cir. 1984).

### B. WHETHER THE ALJ ERRED IN FAILING TO RECONTACT TREATING PHYSICIANS DR. THOMAS AND DR. DUDZINSKI FOR OPINIONS OF CLAIMANT'S FUNCTION-BY-FUNCTION LIMITATIONS

Plaintiff first argues that the ALJ erred in failing to recontact treating physicians Dr. Thomas and Dr. Dudzinski for opinions of Claimant's function-by-function limitations; thereby failing to properly develop the record. (ECF No. 9, pp. 9-12). An ALJ has the duty to fully develop the record to make a determination of disability. *Ventura v. Shalala,* 55 F.3d 900, 902 (3d Cir. 1995). To that end, an ALJ is required to recontact a medical source for clarification "when they provide opinions on issues reserved to the Commissioner and the bases for such

3

opinions are not clear….". SSR 96-5p (policy interpretation); *see also,* 20 C.F.R. §404.1512(e)(1). Plaintiff's asserts that Drs. Thomas' and Dudzinski's reports were ambiguous such that recontact was required. (ECF No. 9, pp. 10-12).

After a review of the record, I disagree. The records were complete and there is nothing in the record to indicate that the record needed to be developed more fully. Simply because the ALJ did not find a disability for Plaintiff or that Plaintiff's treating doctors did not fill out a checked box form does not mean that the medical evidence of record was ambiguous or insufficient to determine the specifics of Plaintiff's limitations. Based on the evidence of record, I find that the opinions, findings and diagnoses of Drs. Thomas and Dudzinski were unambiguous such that, together with all of the evidence of record, the ALJ was able to make a disability determination. (ECF No. 6-7, pp. 29-31 and No. 6-8, pp. 29-33, 35). Therefore, the ALJ was not required to recontact Drs. Thomas and Dudzinski. Consequently, I find no error in this regard.

### C. **WHETHER THE ALJ'S CREDIBILITY DETERMINATION IS UNSUPPORTED BY SUBSTANTIAL EVIDENCE**

The next argument is that the ALJ erred in assessing the credibility of the Claimant and Plaintiff by not considering the proper factors. (ECF No. 9, pp. 12–15). To be clear, an ALJ is charged with the responsibility of determining credibility. *Smith v. Califano,* 637 F.2d 968, 972 (3d Cir. 1981); *Baerga v. Richardson,* 500 F.2d 309, 312 (3d Cir. 1974), *cert. denied,* 420 U.S. 931 (1975). The ALJ must consider "the entire case record" in determining the credibility of an individual's statement. SSR 96-7p. The ALJ's decision "must contain specific reasons for the finding on credibility, supported by the evidence in the case record, and must be sufficiently specific to make clear to the individual and to any subsequent reviewers the weight the adjudicator gave to the individual's statements and the reason for that weight." *Id*. I must defer to the ALJ's credibility determinations, unless they are not supported by substantial evidence.

*Smith v. Califano*, 637 F.2d 968, 972 (3d Cir. 1981); *Baerga v. Richardson*, 500 F.2d 309, 312 (3d Cir. 1974), *cert. denied*, 420 U.S. 931 (1975).

Plaintiff suggests that to be disabled does not mean that he must vegetate in a dark room excluded from society. *Atkins v. Bowen*, 690 F. Supp. 383, 390 (E.D. Pa. 1998), *quoting Smith v. Califano,* 637 F.2d 968, 971 (3d Cir. 1981). I agree with Plaintiff that to be disabled does not mean that he must be shut off from society. Nonetheless, an ALJ is required to review and determine the credibility of statements in deciding the intensity and persistence of symptoms such as pain. 20 C.F.R. §404.1529(c)(1). Pursuant to 20 C.F.R. §404.1529, the ALJ will consider all "symptoms, including pain," in the disability determination. Statements of pain alone are not enough to establish a disability; the claimant must also present objective medical evidence to show that the medical impairment "could reasonably be expected to produce the pain or other symptoms alleged." 20 C.F.R. §404.1529(a); SSR 96-7p1. Once the ALJ has determined from the "medical signs or laboratory findings" that the claimant has an impairment which could reasonably produce the pain, then the Commissioner [ALJ] must determine how the pain limits the claimant's capacity for work. 20 C.F.R. §404.1529(c)(1); SSR 96-7p2. In determining the limits on the claimant's capacity for work, the ALJ will consider evidence from the treating, examining and consulting physicians, observations from agency employees, and other factors such as the claimant's daily activities, descriptions of the pain, precipitating and aggravating factors, type, dosage, effectiveness, and side effects of medications, treatment other than medication, and other measures used to relieve the pain. 20 C.F.R. §404.1529(c); SSR 96-7p4. The ALJ will also look at inconsistencies between the claimant's statements and the evidence presented. 20 C.F.R. §404.1529(c)(4).

After my own review of the record, I find that the ALJ followed the proper method to determine the Claimant's and Plaintiff's credibility. As laid out in his decision, the ALJ considered

the factors set forth above. (ECF No. 6-2, pp. 36-38). For example, while assessing Plaintiff's and Claimant's credibility and their subjective complaints, the ALJ compared the medical evidence to their complaints of pain and found them to be contradictory. (ECF No. 6-2, pp. 36-38). The ALJ also discussed the fact that Plaintiff's complaints of pain were contradicted by Plaintiff's daily activities. (ECF No. 6-2, p. 36, 38). Based on the same, I find the ALJ properly evaluated Plaintiff's and Claimant's credibility as required by 20 C.F.R. §§ 404.1529 and SSR 96-7p and based on the entire record as a whole there was sufficient evidence to support the ALJ's conclusion. Consequently, I find the ALJ's opinion was supported by substantial evidence. Therefore, I find no error in this regard.[3]

### D. **WHETHER THE ALJ ERRED IN FAILING TO ADOPT A HYPOTHETICAL THAT ACCURATELY REFLECTS PLAINTIFF'S LIMITATIONS**

The last argument by Plaintiff is that the ALJ erred in failing to ask the vocational expert hypothetical questions that accurately reflect Plaintiff's impairment. (ECF No. 9, pp. 15-16). I disagree. An ALJ is required to accept only hypothetical questions which accurately reflect a plaintiff's impairments. *See, Podedworny v. Harris*, 745 F.2d 210 (3d Cir. 1984)*; Chrupcala v. Heckler,* 829 F.2d 1269, 1276 (3d Cir. 1987); *Martinez v. Heckler,* 807 F.2d 771, 774 (9th Cir. 1986) (an ALJ may reject hypothetical questions by Plaintiff's attorney that are more restrictive than his own). Plaintiff submits, in part, that the hypothetical questions are incorrect based on the errors as argued above. (ECF No. 9, pp. 15-16). Since I have found no error above, I find no foundation for this argument and no error in this regard.

---

[3] In three sentences and without citation to case law, Plaintiff argues that the ALJ erred in failing to reference particular statements within a medical record. (ECF No. 9, p. 14). Assuming the evidence is relevant, there is no requirement for an ALJ to discuss or refer to every piece of relevant evidence in the record, as long as the reviewing court can determine the basis of the decision. *Fargnoli v. Massanari,* 247 F.3d 34, 42 (3d Cir. 2001); *Hur v. Barnhart*, 94 Fed. Appx. 130, *2 (3d Cir. April 16, 2004) ("There is no requirement that the ALJ discuss in its opinion every tidbit of evidence included in the record."). After a review of the record, I find that I am able to sufficiently discern the basis for the ALJ's opinion and find that it is based on substantial evidence. Consequently, I find no error in this regard.

Plaintiff further argues that "it is not clear that VE considered that Claimant 'could occasionally bend, stoop, crouch, [and] balance' as opined by Dr. Swantek when the ALJ's hypothetical question included the phrase 'not require more than occasional postural activities.'" (ECF No. 9, p. 16). The term "postural activities" is a common term. In fact, the Physical Residual Functional capacity assessment forms set forth as a heading "postural limitations" and then thereunder list the postural activities: climbing, balancing, stooping, kneeling, crouching, and crawling. *See, e.g.* ECF No. 6-8, p. 4. The ALJ's restrictions were on all postural activities. This is more limiting than Dr. Swantek's restrictions to some but not all postural activities. *Compare,* ECF No. 6-2, p. 62 *with* No. 6-7, p. 51. Thus, a restriction on all postural activities would include those listed by Dr. Swantek. Thus, the ALJ gave the Claimant the benefit of the doubt and made the limitations more restrictive. As a result, there was no need spell out each postural activity as the ALJ found they were all limited. (ECF No. 6-2, p. 38). Consequently, I find no error in this regard.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

DANA RICHTER O/B/O DIANNE RICHTER[4], )
)
        Plaintiff, )
)
  -vs- ) Civil Action No. 12-240
)
CAROLYN W. COLVIN,[5] )
COMMISSIONER OF SOCIAL SECURITY, )
)
        Defendant. )

AMBROSE, Senior District Judge.

## ORDER OF COURT

THEREFORE, this 21st day of January, 2014, it is ordered that the decision of the ALJ is affirmed and Plaintiff's Motion for Summary Judgment (Docket No. 8) is denied and Defendant's Motion for Summary Judgment (Docket No. 10) is granted.

                          BY THE COURT:

                          s/ Donetta W. Ambrose
                          Donetta W. Ambrose
                          United States Senior District Judge

---

[4] Plaintiff's husband, Dana P. Richter was substituted for his wife upon her death while the application was pending at the hearing level.
[5] Carolyn W. Colvin became acting Commissioner of Social Security on February 14, 2013, replacing Michael J. Astrue.